IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD DONELL RICE. et al., | § § § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 3:07-CV-2025-D |
| | § | |
| CAREY D. COCKERELL, et al. | § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Reginald Donell Rice ("Rice") filed a motion for relief from judgment under Fed. R. Civ. P. 60(b) in another closed case, *Rice v. Wright*, No. 3:09-CV-2059-N (Godbey, J.). Because the motion appeared, in substance, to attack the judgment in this closed case, it was refiled in this case. Rice objects to the refiling and moves for relief under Rule 60(b). Concluding that his objections and motion lack merit, the court overrules Rice's objections and denies his Rule 60(b) motion.

I

Rice filed this lawsuit in 2007, alleging that the Commissioner of the Texas Department of Family and Protective Services and other agency employees had violated his constitutional rights in connection with the death of his infant daughter. The magistrate judge appointed counsel to represent Rice. Represented by counsel, Rice voluntarily dismissed this case under Rule 41(a)(1)(A) in favor of a nearly identical lawsuit pending in

the Eastern District of Texas, which was later dismissed. *See Rice v. Wright*, No. 4:08-CV-376-RAS (E.D. Tex. Nov. 6, 2009).

Rice attempted multiple times to file this case again in this court: the Northern District of Texas. *See Rice v. Cockell*, No. 3:08-CV-1620-L (N.D. Tex. Sept. 15, 2008) (Lindsay, J.); *Rice v. Wright*, No. 3:09-CV-2059-N (N.D. Tex. Oct. 30, 2009) (Godbey, J.); *Rice v. Cockell*, No. 3:10-CV-0741-O (N.D. Tex. Apr. 12, 2010) (O'Connor, J.). He has also filed in this lawsuit several motions to reopen, all of which have been denied.

In June 2023 he filed a Rule 60(b) motion in No. 3:09-CV-2059-N. The court ordered the motion to be refiled in this case because it appeared that Rice sought to reopen this case and had mistakenly filed the motion with the other caption. Rice objects to the refiling of his Rule 60(b) motion and moves for relief under Rule 60(b), asserting fraud on the court.

II

The Rule 60(b) motion was appropriately refiled in this case. The court must liberally construe the filings of *pro se* litigants. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Windland v. Quarterman*, 578 F.3d 314, 316 (5th Cir. 2009). The court is not bound by the caption or title of a *pro se* pleading, and must look instead to its substance. *See, e.g., Scott v. Willis*, 2019 WL 1878361, at *3 (W.D. Tex. Jan. 3, 2019), *rec. accepted,* 2019 WL 488924 (W.D. Tex. Feb. 7, 2019) (recommending that *pro se* filing be construed as response to dispositive motion, although not titled as such); *see also Sheridan v. United States*, 214 Fed. Appx. 857, 859 (10th Cir. 2007) (holding that district court erred by construing *pro se*

plaintiff's "complaint strictly according to its caption" instead of looking to body of complaint).

Rice's Rule 60(b) motion identifies case No. 3:07-CV-2025-D as "the above civil action" and refers to incidents and parties in this case. The motion refers to "Carey D. Cockerell," who was not a defendant in 3:09-CV-2059-N; it also refers to the court's granting leave to proceed *in forma pauperis*, which occurred in this case, not in No. 3:09-CV-02059-N. Further, Rice complains primarily about his court-appointed counsel allegedly manipulating him into voluntarily dismissing his civil case. But Rice had court-appointed counsel in this case, not in No. 3:09-CV-2059-N. Accordingly, when ordering the Rule 60(b) motion to be refiled in this case, the court reasonably concluded that Rice was seeking to reopen this case.

Moreover, Rice has not been prejudiced by the refiling of his Rule 60(b) motion in this case because, on January 4, 2024, he filed two motions in No. 3:09-CV-2059-N, one of which seeks relief under Rule 60(b), and both of which appear to relate in some way to Rice's complaints about the dismissal of this lawsuit.

III

Substantively, Rice's latest Rule 60(b) motion is virtually identical to the one preceding it. He asserts that he is entitled to relief in this case because his court-appointed counsel was incompetent for advising him to voluntarily dismiss this case. He contends that his court-appointed counsel committed fraud on the court. He also complains that his motion

- 3 -

to reopen in 3:10-CV-0741-O was denied, and claims that the docket sheet in that case was altered to omit original proceedings filed in 2007 and 2008.

As in his prior Rule 60(b) motions, Rice has failed to carry his "burden of establishing at least one of the Rule 60(b) requirements." *Bashoon v. Wells Fargo Bank, N.A.*, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (Fitzwater, C.J.) (citation omitted). The court therefore denies his June 26, 2023 Rule 60(b) motion.

* * *

Rice's objections to the court's refiling of his Rule 60(b) motion in this case are overruled, and his Rule 60(b) motion is denied.

**SO ORDERED**.

February 1, 2024.

                                           _____
                                           SIDNEY A. FITZWATER
                                           SENIOR JUDGE